```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

4TH DISTRICT IBEW HEALTH FUND,

    Plaintiff,

  vs.                                      Civil Action 2:13-cv-765
                                                Judge Marbley
                                                Magistrate Judge King

HOLLAND ELECTRIC, INC.

    Defendant.


**REPORT AND RECOMMENDATION**

      This matter is before the Court on *Plaintiff's Motion for Default Judgment*, Doc. No. 10 ("*Motion for Default Judgment*").  For the reasons that follow, it is **RECOMMENDED** that the *Motion for Default Judgment* be **DENIED** without prejudice to renewal.

      On August 1, 2013, plaintiff 4th District IBEW Health Fund, a trust fund and multi-employer benefit plan that operates pursuant to a trust agreement (the "Trust Agreement"), filed this action against defendant Holland Electric, Inc., a corporation that employs and has employed persons represented by a collective bargaining unit of the International Brotherhood of Electrical Workers ("IBEW"). *Complaint*, Doc. No. 2, ¶¶ 3-4.  Plaintiff administers money paid to it by various employers pursuant to a collective bargaining agreement with a local chapter of IBEW to which defendant is a signatory.  *Id*. at ¶¶ 6-8; Trust Agreement, attached as *Exhibit A* to *Motion for Default Judgment*. As a signatory to the collective bargaining agreement, defendant is

1

also bound by the Trust Agreement.  *Complaint*, ¶¶ 6-8.  The Trust Agreement requires defendant to make timely payments to plaintiff for each employee covered by the collective bargaining agreement.  *Id*. at ¶ 8; Trust Agreement at Article III.  Plaintiff's Statement of Policy further clarifies the rights and responsibilities of its contributing employers, including defendant.  *See* 4th District IBEW Health Fund Statement of Policy ("Policy"), attached as *Exhibit B* to *Motion*.  Employer contributions not received by the 15th of the month following the month worked are considered delinquent under the Policy.  *Id*. at Section A, Contribution and Collections, Subsection 1.  Simple interest and liquidated damages may be assessed against delinquent contributions.  *Id*. at Subsection 2 and 3.  "If legal action is required to collect delinquent contributions, the Employer [defendant] will be assessed attorney fees and costs."  *Id.* at Subsection 4.  According to the *Complaint*, defendant did not comply with these requirements by failing to make payment to plaintiff for amounts that are due and owing.  *Complaint*, ¶¶ 12-15.

Following the filing of the *Complaint*, plaintiff submitted proof of service on September 6, 2013.  Doc. No. 4.  Upon application, Doc. No. 5, defendant's default was entered on October 4, 2013.  *Clerk's Entry of Default*, Doc. No. 6.  Plaintiff thereafter filed the *Motion for Default Judgment*.  Although plaintiff's request for default judgment includes amounts for principal owed, liquidated damages to date, interest to date, costs and attorney's fees, plaintiff provides no evidence of the amounts of the principal owed, liquidated damages or interest to date.  *See Affidavit of David M. Pixley in Support of*

2

*Plaintiff's Motion for Entry of Default Judgment*, attached to Doc. No. 10; *Complaint*, Doc. No. 2.  Moreover, even plaintiff's allegations as to the amount of interest and liquidated damages are unclear.  *Compare Motion for Default Judgment*, p. 4 (seeking interest on the amount of unpaid contributions "at a rate of twelve percent (12%) per annum from the date due and owing until paid in full") *with* Policy, Section A, Subsection 2 (providing that simple interest "at the rate of one percent (1%) on delinquent contributions shall be calculated from the first day of the month following the month in which contributions were due").  *See also Motion for Default Judgment*, p. 5 (seeking "liquidated damages in the amount of **twenty percent (10%)** for unpaid contributions") (emphasis added); Policy, Section A, Subsection 3 (providing that liquidated damages will be assessed in the following amounts:  ten percent (10%) for first offense in a 12 month period; fifteen percent (15%) for second offense in a 12 month period; and twenty percent (20%) for third and subsequent offense in 12 month period).  In addition, while plaintiff alleges that defendant failed to make timely contributions for the months of August and September 2013 totaling $1,382.40, *Motion for Default Judgment*, p. 4, plaintiff provides no evidence to this effect.  In the absence of evidence establishing the amounts due under the Trust Agreement, Policy and collective bargaining agreement, the Court has no way to confirm the accuracy of the amounts requested by plaintiff.  Accordingly, plaintiff's motion for default judgment, Doc. No. 10, is **DENIED** without prejudice to renewal.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiff's Motion for Default Judgment*, Doc. No. 10, be **DENIED** without prejudice to renewal.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 31, 2014                                    *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge